UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE: )
 ) Chapter 11
ROBERT K. MIELL, )
 ) Bankruptcy No. 09-01500
   Debtor. )

**ORDER RE: MOTION TO APPROVE EMPLOYMENT OF
VARIOUS ATTORNEYS**

This matter came before the undersigned on July 17, 2009 on Debtor's Motion to Approve Employment of Various Attorneys. Attorney Jerry Wanek appeared for Debtor Robert Miell, as did attorneys William Kutmus and Steve DeVolder. Janet Reasoner appeared as Assistant U.S. Trustee. Trustee Renee Hanrahan appeared with attorney Jeff Taylor. Attorney Tom McCuskey appeared for Heritage Bank. Attorney Dale Putnam appeared for Luana Savings Bank. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**STATEMENT OF THE CASE**

Debtor moves for employment and authority to employ various attorneys. He asks the Court to fashion a mechanism for paying his attorneys with funds from the bankruptcy estate. Debtor has previously retained Steve DeVolder and William Kutmus as criminal counsel, Walt Steagall and Larry Thorson for tax litigation and related civil matters, and Jerrold Wanek for Chapter 11 issues, including filing a disclosure statement and plan. Debtor requests that the Court use § 105(a) to allow compensation under § 330(a)(4)(B), which applies to Chapter 12 and 13 cases, in this Chapter 11 case. He seeks a method of allowing his attorneys to use prepetition retainers without peril and an opportunity to apply for compensation in the future.

Attorney Kutmus stated that of the approximately $50,000 he holds in his trust account as Debtor's criminal counsel, he wishes to pay expert witnesses and attorney fees in connection with a sentencing hearing scheduled for August 13, 2009. Attorney Wanek stated that Debtor believes there will be $25 million in equity for the bankruptcy estate which will not be depleted by Debtor's attorney fees.

U.S. Trustee argues there is no reason for the bankruptcy estate to bear the cost for Debtor to pay "a stable of personal

attorneys." Any compensation from the estate for Debtor's attorneys should be conditioned on full payment of pre- and post-petition claims.

Luana Savings Bank objects. It has not been receiving monthly payments and there has been no accounting of rents. The Bank asserts the motion fails to disclose what role the attorneys will have in light of the appointment of Trustee or what tax, civil or criminal litigation remains pending. The Bank does not anticipate that substantial funds will be available in this case and objects to any attorney fees being paid out of its collateral. Heritage Bank asserts that the attorneys should set out what they received from Debtor as retainers and should give an estimate of the total attorney fees anticipated.

## CONCLUSIONS OF LAW

A trustee, or a Chapter 11 debtor-in-possession acting in lieu of a trustee under § 1107, may employ an attorney to assist in carrying out the duties of a trustee with court approval. 11 U.S.C. § 327(a). The trustee or debtor-in-possession may also employ an attorney, who has represented the debtor, for a special purpose other than representing the trustee "if in the best interest of the estate." 11 U.S.C. § 327(e). Approval of employment of an attorney under § 327 does not constitute a right to be paid from the estate. In re Engel, 124 F.3d 567, 571 (3d Cir. 1997). Compensation of attorneys employed under § 327 from the bankruptcy estate is subject to review under § 330(a) for reasonableness. In a Chapter 12 or 13 case, the court may award compensation to the debtor's attorney for representing the interests of the debtor in connection with the case. 11 U.S.C. § 330(a)(4)(B).

Any attorney representing a debtor "in a [bankruptcy] case . . . or in connection with such a case" must disclose compensation paid or agreed to be paid. 11 U.S.C. § 329(a). The court reviews such compensation to determine whether it exceeds the reasonable value of the services provided. 11 U.S.C. § 329(b). Under the Bankruptcy Code, "[a] review must be made under § 330, when the estate has been benefitted and is to pay for the beneficial services, and under § 329 when compensation is to come from some source outside the estate." Engel, 124 F.3d at 571-72. The burden of proof to show entitlement to the fees requested is on the applicant. In re Stoecker, 114 B.R. 964, 969 (Bankr. N.D. Ill. 1990).

"Section 330(a)(1) does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed as

authorized by § 327." Lamie v. United States Trustee, 540 U.S. 526, 538 (2004)(considering right to compensation after conversion from Chapter 11 to Chapter 7). After a debtor's status as debtor-in-possession is terminated, the debtor's attorney's status under § 327 as attorney for debtor-in-possession is also terminated. Id. at 532. The Bankruptcy Code does not allow subsequent services rendered by the attorney to be compensated from the estate. Id. Lamie was recently followed in In re Bresnick, ___ B.R. ___, 2009 WL 1772385, at *3 (Bankr. E.D.N.Y. June 23, 2009), which denied compensation for services rendered as attorney for the Chapter 11 debtor after a Chapter 11 trustee was appointed.

The Eighth Circuit Court of Appeals has stated that attorney fees will be denied "to the extent the services rendered were for the benefit of the debtor and did not benefit the estate." In re Kohl, 95 F.3d 713, 714 (8th Cir. 1996). The leading case analyzing the requirement that an attorney's employment must be in the best interest of the estate is In re Duque, 48 B.R. 965, 974-75 (S.D. Fla. 1984). See In re French, 139 B.R. 485, 490 (Bankr. D.S.D. 1992) (Ecker, J.). The court in Duque set out three principles to consider:

> 1. The attorney's employment must be in the best interest of the estate, which means property of estate is threatened and the need for services is real. Employment cannot be based on some 'hypothetical or speculative benefit.'
>
> 2. Special counsel must provide a benefit to the estate, not merely a personal benefit to the debtor. The benefit is gauged by [the] needs of [the] estate and whether it is directly related to the debtor in possession's performance of duties under the bankruptcy code.
>
> 3. Issues regarding debtor's constitutional right to counsel are of concern to the criminal forum and not the bankruptcy court.

Engel, 124 F.3d at 575 (restating the Duque standard).

"As a general rule, a debtor has no right to use estate assets to fund [a] criminal defense." Stoecker, 114 B.R. at 970. The overwhelming consensus of cases addressing this issue are in accord. In re Spurgeon, 2008 WL 4372762, at *2 (Bankr. E.D. Tenn. Sep. 18, 2008) (citing cases). In In re Bradenburger, 145 B.R. 624, 630 (Bankr. D.S.D. 1992) (Hoyt, J.), the court found

3

that the debtor's attorney's services and expenses relating to communications regarding a possible criminal prosecution were not compensable from the estate because no benefit to the estate was shown.  In French, the court concluded that the debtor was not permitted to use estate funds to pay for nonbankruptcy counsel in a pending criminal prosecution.  139 B.R. at 491.

Representation of a debtor in a criminal case during the period of bankruptcy would not normally require a report to the Court regarding fees under § 329.  In re Bressman, 327 F.3d 229, 240 (3d Cir. 2003).  That section speaks only to fees paid for representation of a debtor in a bankruptcy case or in connection with such a case.  Id.

Debtor cites In re Powell, 314 B.R. 567 (Bankr. N.D. Tex 2004), which awarded the debtor's divorce attorneys compensation from the bankruptcy estate.  That case is distinguishable because it is a Chapter 13 case to which § 330(a)(4)(B) applies.  The court notes that, in Chapter 13 cases, legal services provided by a debtor's attorney need not benefit the estate in order to be compensable from the estate.  Id. at 570.

Debtor urges the Court to use § 105(a) to fashion a mechanism to pay his attorneys under § 330(a)(4)(B), which allows payment of a debtor's attorney in Chapter 12 and 13 cases.  That section applies to "compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case."  Debtor would have to show that his attorneys were providing services "in connection with" his bankruptcy case under § 330(a)(4)(B).  In addition, it is well-established that § 105(a) may not be used to circumvent a specific provision of the Bankruptcy Code or Rules.  In re Grueneich, 400 B.R. 680, 685 (B.A.P. 8th Cir. 2009), citing Raleigh v. Illinois Dep't. of Revenue, 530 U.S. 15, 24-25 (2000) ("Bankruptcy courts are not authorized in the name of equity to make wholesale substitution of underlying law controlling the validity of creditors' entitlements, but are limited to what the Bankruptcy Code itself provides."); In re Olson, 120 F.3d 98 (8th Cir. 1997) ("While the equitable powers emanating from § 105(a) are quite important in the general bankruptcy scheme, and while such powers may encourage courts to be innovative, and even original, these equitable powers are not a license for a court to disregard the clear language and meaning of the bankruptcy statutes and rules.").

**PROPERTY OF THE ESTATE**

Under § 541(a)(1), the bankruptcy estate consists of all of the debtor's legal and equitable property interests that existed as of the time that the bankruptcy petition is filed. In re Mahendra, 131 F.3d 750, 755 (8th Cir. 1997). The unearned portion of a retainer paid to an attorney prepetition is property of the bankruptcy estate. In re On-Line Services Ltd., 324 B.R. 342, 345 (B.A.P. 8th Cir. 2005). The debtor has an interest in funds in an attorney's trust account which, as of the petition date, have not yet been applied to pay for services already rendered. Id.

The Bankruptcy Code requires that an entity or custodian in possession of property of the estate account for and turn over such property. 11 U.S.C. §§ 542, 543. Property of the estate only becomes available to a debtor if it remains unadministered at the time of closing of the case, at which time it is abandoned to the debtor. 11 U.S.C. § 554(c). In addition, property of the estate revests in the debtor after confirmation of a Chapter 11 plan, subject to the obligations imposed by the plan, unless the plan provides otherwise. 11 U.S.C. § 1141(b); In re D & L Nicolaysen, 228 B.R. 252, 260 (Bankr. E.D. Cal. 1998).

## CONCLUSIONS OF LAW

Based on the foregoing, the Court concludes that none of Debtor's attorneys are entitled to compensation from the bankruptcy estate. Only attorneys employed by Trustee under § 327 with Court approval are entitled to compensation under § 330(a), and then only to the extent that the legal services benefit the bankruptcy estate. To the extent Debtor's attorneys are representing him in the bankruptcy case or "in connection with such a case," they are subject to the disclosure requirements of § 329(a) and their compensation is subject to review under § 329(b). The Court may not alter the Bankruptcy Code compensation scheme through the use of § 105(a).

Retainers received by Debtor's attorneys, whether in connection with the case or not, constitute property of the estate to the extent the funds have not yet been applied to pay for prepetition services as of the petition date, or May 28, 2009. Trustee is entitled to an accounting of retainers held in Debtor's attorney's trust accounts. She is also entitled to turnover of such funds. If funds remain unadministered at the closing of the case, or if funds revest in Debtor after confirmation of a plan, which are not otherwise obligated under the Plan, the Bankruptcy Code does not restrict Debtor from paying his attorneys with those funds.

    **WHEREFORE**, the Motion to Approve Employment of Various Attorneys is DENIED.

    **FURTHER**, Debtor's attorneys who are not employed by Trustee under § 327 are not entitled to compensation from the bankruptcy estate.

    **FURTHER**, Trustee is entitled to an accounting and turnover of funds held in Debtor's attorney's trust accounts.

    **FURTHER**, to the extent Debtor's attorneys are representing him in the bankruptcy case or in connection with the case, they are subject to the disclosure and review requirements of § 329.

    DATED AND ENTERED: July 27, 2009

*/s/ Paul J. Kilburg*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE