```
                   UNITED STATES BANKRUPTCY COURT
                  FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                         )
                               )    Chapter 7
ROBERT K. MIELL,               )
                               )    Bankruptcy No. 09-01500
     Debtor.                   )
```

### ORDER RE: MOTION FOR RELIEF FROM STAY (Doc. 556)

This matter came before the undersigned on December 16, 2009 on Bank of the West's Motion for Relief from the Automatic Stay (Doc. 556). Attorney Thomas Burke appeared for Bank of the West. Attorney Jeffrey Taylor appeared for Trustee Renee Hanrahan. After hearing arguments of counsel, the Court took the matter under advisement. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

### STATEMENT OF THE CASE

Bank of the West and Trustee have reached an agreement about relief from the automatic stay except for one issue. The Bank asserts Trustee should use accrued rents from its collateral real estate to pay property taxes related to the real estate rather than to pay administrative expenses. Trustee asserts the accrued rents should be used to pay Trustee's expenses in preserving the collateral under § 506(c), which do not include payment of real estate taxes.

### FINDINGS OF FACT

The Court entered an Order on December 22, 2009 based on the parties' stipulations and preserving the issue of an 11 U.S.C. § 506(c) surcharge. Pursuant to that stipulated Order, at pages 7 and 8, the parties set out the issue as follows:

> 18. The Trustee is currently holding in accrued net rents during the pendency of the Trustee's control of the [Bank's collateral] Real Estate, the sum of $6,714 along with anticipated net rents for the month of December 2009 of between $3,000 and $6,000 (hereinafter collectively referred to as the "Accrued Net Rents").

      19.  The Trustee seeks, pursuant to 11 USC § 506(c), to retain the Accrued Net Rents as an administrative surcharge.  Lender objects to the same.

. . .

    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the request of the Trustee for an 11 USC § 506(c) surcharge as against the Accrued Net Rents is hereby taken under advisement by the Court and counsel for Lender and counsel for the Trustee shall submit, in abbreviated form and format, any appropriate memorandum of authorities or memorandum brief to the Court on or before Wednesday, December 23, 2009, as to the parties' respective positions on the issues.

The Stipulated Order also incorporates the stipulations read into the record by Attorney Taylor and consented to by the Bank. At the hearing, Mr. Taylor stated that the parties agree that the accrued net rents plus those collected in December 2009 are equal to or less than the reasonable and necessary costs and expenses incurred by Trustee in preserving the Bank's collateral under § 506(c).  In addition, it is agreed that these expenditures by Trustee were for the benefit of the Bank in preserving its real estate collateral.  Trustee wishes to keep the net rents on deposit, plus those received for December and any refund of insurance premiums already paid, as a reasonable and necessary surcharge against the Bank's collateral under § 506(c).  The Bank argues that Trustee may not keep the net rents to pay administrative expenses when the property has real estate taxes currently due and owing.

### CONCLUSIONS OF LAW

    Section 506(c) states:

> The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property.

Generally, administrative expenses of a bankruptcy estate arising under § 503(b)(1)(B) may not be charged against secured collateral.  <u>United States v. Boatmen's First Nat'l Bank</u>, 5 F.3d 1157, 1159 (8th Cir. 1993), <u>overruled, in part, on other grounds by</u>, <u>In re Hen House Interstate, Inc.</u>, 177 F.3d 719 (8th Cir.

1999). "Section 506(c) is the exception to that rule." Id. A non-trustee administrative claimant, however, has no right to use § 506(c) to seek payment of its claim. Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 14 (2000) (affirming Hen House Interstate). "[B]y far the most natural reading of § 506(c) is that it extends only to the trustee." Id. at 9.

A trustee must meet three criteria in order to show that a cost is a valid expense under § 506(c). In re Cascade Hydraulics & Utility Svc., Inc., 815 F.2d 546, 548 (9th Cir. 1987). "The expense has to be: 1) reasonable; 2) necessary; and 3) beneficial to the secured creditor." Id.; see also In re Ceron, 412 B.R. 41, 48 (Bankr. E.D.N.Y. 2009) (requiring that expenses were necessary and reasonable and directly benefitted the secured creditor). Generally, expenses are unnecessary if there is no equity in the collateral for the benefit of the estate. Ceron, 412 B.R. at 48.

The Bank cites two cases to support its request that Trustee be ordered to pay real estate property taxes with accrued net rents. Contrary to the Bank's argument, the court in In re Crescenzi, 1995 WL 753906, at *4-5 (S.D.N.Y. Dec 19, 1995), held that "the trustee cannot be surcharged for [the] failure to pay real estate taxes . . . [on collateral property] during the period of the trustee's administration." Id. at *5. Likewise, the court in In re Bellman Farms, Inc., 86 B.R. 1016, 1021 (Bankr. D.S.D. 1988), held that the debtor-in-possession failed to prove that payment of unsecured real property taxes directly benefitted the secured creditor. See also In re Glasply Marine Industries, Inc., 971 F.2d 391, 394 (9th Cir. 1992) (stating that incidental benefits derived from paying property taxes do not trigger section 506(c)); In re Parr Meadows Racing Ass'n, Inc., 92 B.R. 30, 35 (Bankr. E.D.N.Y. 1988) (holding payment of real estate taxes "in no way provides a benefit to the secured creditor"), aff'd in part and rev'd in part on other grounds, 880 F.2d 1540 (2d Cir. 1989).

**ANALYSIS**

Based on the foregoing, the Bank has no right to an order requiring Trustee to pay property taxes out of accrued net rents from its collateral real estate. Only a trustee may make a claim under § 506(c). Considering the lack of proof of equity in the Bank's collateral real estate, payment of property taxes from the accrued rents does not appear to be necessary. In addition, payment of property taxes is not considered to be of direct benefit to a secured creditor under § 506(c). Therefore, the

Court will grant Trustee's request that the accrued net rents be retained by Trustee as a reasonable and necessary surcharge against the Bank's collateral under § 506(c) for expenses other than property taxes.

**WHEREFORE**, the objection of Bank of the West to Trustee retaining the Accrued Net Rents as an administrative surcharge under § 506(c) is DENIED.

**FURTHER**, Trustee may retain the Accrued Net Rents and is not required to use the net rents to pay property taxes on the Bank's collateral real estate.

DATED AND ENTERED:  December 29, 2009

*[signature]*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE