UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )   Chapter 7
ROBERT K. MIELL,                )
                                )   Bankruptcy No. 09-01500
          Debtor.               )

## ORDER RE: MOTION TO SELL REAL ESTATE FREE AND CLEAR OF ALL LIENS AND ENCUMBRANCES (Doc. 802)

This matter came before the undersigned on March 18, 2010 on the Motion to Sell Real Estate Free and Clear of all Liens and Encumbrances. Trustee Renee Hanrahan appeared with Attorney Jeffrey Taylor. Creditor Gary VanCura appeared with Attorney Thomas Fiegen. Attorney Trevor Anderson appeared on behalf of Debtor Robert Miell. Attorney Gregory Epping appeared on behalf of Roger and Susan Roeder. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N).

## STATEMENT OF THE CASE

Trustee filed a Motion for authority to sell 16 properties. The Court entered an order on February 24, 2010 (Doc. 839) approving Sales #1 through 14. Sales #15 and 16 relate to real estate sold to Debtor on contract by Gary VanCura. Mr. VanCura objects to the proposed sales, asserting the purchasers are paying less than fair market value. Mr. VanCura also argues Trustee must assume these executory contracts and pay the full balance remaining due.

## FINDINGS OF FACT

Trustee proposes to sell property at 3212 Wilson Avenue SW for $225,000. The assessed value is $338,281. Debtor purchased this real estate on contract from Gary VanCura on April 30, 2002 for $335,000. The Motion to Sell states the balance on the contract is $161,645.

Trustee also proposes to sell two properties at 3941-3947 - 21st Ave Place SW for $205,000. The total assessed value is $272,118. Debtor purchased these separate parcels of real estate on contract from Gary VanCura on April 30, 2002 for $140,000 each, or $280,000 total. The Motion to Sell states the balance on the two contracts is $138,730.

Mr. VanCura asserts the total balance due on the three contracts is $452,102.81. This includes the total amount listed on his proof of claim plus accrued interest. The discrepancy between this amount and Trustee's total of $300,375 arises from the parties' treatment of the debt evidenced by the Promissory Note dated June 6, 2008 (Ex. 9.). Mr. VanCura asserts this debt constitutes advancements by him under Paragraph 9 of the Real Estate Contracts. Trustee asserts this is a separate debt which did not attach to the real estate.

At the hearing, Trustee testified that she has attempted to market much of the real estate in the bankruptcy estate in various ways. She has received more than 200 telephone calls and other contacts concerning the approximately 461 parcels of real estate held by the bankruptcy estate. As to the three properties Debtor purchased under contract with Mr. VanCura, Trustee received other inquiries and offers but the offers were much lower than those set out in the Motion to Sell.

Based on information from her accountant, Trustee estimates that the bankruptcy estate will receive approximately $77,000 in net equity after taking into account real estate taxes and capital gains taxes. The bankruptcy estate will retain $23,000 of this amount and pay the remainder to American Family Insurance, a judgment creditor. Trustee testified that Mr. VanCura's interest under the real estate contracts will be fully satisfied to the extent it is secured by the properties. She believes that the proposed sale is in the best interests of the estate. Trustee testified that if the proposed sale is not approved and the real estate contracts are forfeited, any benefits from the properties will inure to Mr. VanCura, rather than to the bankruptcy estate.

Gary VanCura testified that Debtor Robert Miell is a close personal friend. Debtor approached Mr. VanCura in May of 2008 asking for a loan. Mr. VanCura loaned Debtor $30,000 and later loaned him an additional $100,000 as set out in the Promissory Note dated June 6, 2008. (Ex. 9) Mr. VanCura testified that

Debtor told him he paid the real estate taxes on the subject property out of the initial $30,000.  Mr. VanCura argues that this constitutes an advance under the real estate contracts, which is added to principal and secured by the real estate.

Except for approximately $25,000 which Debtor said he paid for property taxes, Mr. VanCura testified that he does not know the exact amount of the remainder of the total loan of $130,000 that was used for the three subject properties.  He believes, however, that the remainder also constitutes advancements under the real estate contracts.  Mr. VanCura testified that the sales prices for the real estate are too low.  He would give a credit bid on the Wilson Avenue property and he is interested in taking the other two properties back under the real estate contracts.

## EXHIBITS 7 AND 8

The Court received Trustee's Exhibits 7 and 8 subject to objections by Mr. VanCura.  These are two Special Warranty Deeds between Gary VanCura and a third party, Ronald Kelley, relating to the subject real estate.  On the same date that Debtor signed the Promissory Note for the loan from Mr. VanCura, Mr. VanCura signed a Special Warranty Deed (Ex. 7) transferring his interest in the subject real estate contracts to Ronald Kelley.  Mr. VanCura testified that it was understood that the transfer was only to the extent of a $100,000 loan he received from Mr. Kelley, and that this transaction was unrelated to his loan transaction with Debtor.  The second Special Warranty Deed (Ex. 8) transfers Mr. Kelley's interest in the subject real estate back to Mr. VanCura.  This is dated May 29, 2009, one day after Debtor filed his Chapter 11 bankruptcy petition on May 28, 2009.

Having considered the testimony, objections and exhibits, the Court believes it can rule on the underlying issues without referring to Exhibits 7 and 8.  Trustee argues, in part, that Mr. VanCura is not entitled to receive proceeds from the sale of the real estate because he did not have an interest in the real estate contracts at the time Debtor filed his bankruptcy petition.  At that time, Ronald Kelley purportedly held the seller's interest in the contracts and the next day he transferred that interest back to Mr. VanCura.  Regardless of who held the contracts on the date of the bankruptcy petition, Trustee does not argue that they were not valid contracts which must be treated as required by the Bankruptcy Code.  Since Mr. VanCura is now the holder of the contracts, he is the proper party in interest in this case, regardless of the details of the transactions between him and Mr. Kelley.

## CONCLUSIONS OF LAW

The sale of a bankruptcy estate's property is subject to court approval under 11 U.S.C. § 363(b). In re Payless Cashways, Inc., 281 B.R. 648, 653 (B.A.P. 8th Cir. 2002). A bankruptcy court has considerable discretion in approving asset sales. In Re Food Barn Stores, Inc., 107 F.3d 558, 565 (8th Cir. 1997); In re Farmland Indus., Inc., 289 B.R. 122, 126 (B.A.P. 8th Cir. 2003). Courts have "ample latitude to strike a satisfactory balance between the relevant factors of fairness, finality, integrity, and maximization of assets." Food Barn Stores, 107 F.3d at 566 (internal quotation marks and citations omitted); In re Wintz Cos., 219 F.3d 807, 812 (8th Cir. 2000). Ultimately, the court must decide whether the proposed sale is in the best interest of the estate. Farmland Indus., 289 B.R. at 126. "A sale of estate property outside the ordinary course of business is in the best interest of the estate and may be approved if it is for a fair and reasonable price and in good faith." In re CRI Inc., 2006 WL 2999988, at *2 (Bankr. N.D. Iowa Sep. 13, 2006), citing In re LeBlanc Inc., 299 B.R. 546, 552 (Bankr. N.D. Iowa 2003).

Section 363(f) gives a trustee the authority to sell property of the estate free and clear of liens. This statute provides:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if--
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

4

11 U.S.C. § 363(f).  Bankruptcy courts must carefully consider the requirements of § 363(f) and have the duty to protect the property interests of third parties.  In re Wintz Cos., 230 B.R. 840, 844 (B.A.P. 8th Cir. 1999), aff'd, 219 F.3d 807 (8th Cir. 2000); Missouri v. United States Bankruptcy Court, 647 F.2d 768, 778 (8th Cir. 1981).  A Chapter 7 Trustee's duty is to reduce the assets of the debtor to money and distribute proceeds from the sale of an asset by accounting to parties holding property interests for their share of the proceeds.  In re Talbert, 268 B.R. 811, 819 (Bankr. W.D. Mich. 2001).  Through § 363(f), collateral is reduced to cash proceeds, and liens and interests attach to the proceeds to the same extent that they attached to the collateral.  In re Gulf States Steel, Inc., 285 B.R. 497, 412 (Bankr. N.D. Ala. 2002).  Pursuant to § 363(p)(2), "an entity asserting an interest in property has the burden of proof on the issue of the validity, priority, or extent of such interest."

State law governs the resolution of property rights within a bankruptcy proceeding.  In re MJK Clearing, Inc., 371 F.3d 397, 401 (8th Cir. 2004).  Therefore, this Court applies Iowa law to determine property interests. A vendor under a real estate contract in Iowa has a lien, the effect of which is "to give the vendor a right to enforce collection of the sale price from the [property] sold." Pray & Thomas v. Donald, 193 N.W. 7, 12 (Iowa 1923); see also Iowa Code § 557.18.   The vendor's lien is a lien for the purchase money upon property sold by the vendor.  State Bank v. Brown, 119 N.W. 81, 83 (Iowa 1909).  Iowa Code sec. 558.46(1) requires that every real estate installment sales contract transferring an interest in residential property shall be recorded with the proper county recorder. This includes contracts for the sale of commercial property containing three or more separate living quarters with at least seventy-five percent of the space being used for residential purposes, such as the subject property herein.  See Iowa Code § 558.46(5).

## ANALYSIS

Mr. VanCura is the seller of the subject property under three, duly recorded, real estate contracts with Debtor.  Under Iowa law, he has a vendor's lien on the real estate.  Trustee may sell Debtor's interest in the real estate under § 363(f)(3) if the sale price exceeds the value of all liens on the property.  Mr. VanCura has the burden to prove the extent of his lien on the real estate.

5

According to Mr. VanCura's proof of claim filed August 19, 2009, his total claim is $436,742.15. He separately lists the amount of debt and accrued interest attributable to 1) each of the three real estate contracts, 2) the $130,000 promissory note and 3) post-filing advances of property taxes. Additional interest has accrued which increases the total to approximately $452,100 at the time of hearing.

Mr. VanCura's vendor's lien is a lien for the purchase price of the property. The principal balances on the three real estate contracts, according to the Proof of Claim are $144,137.80, $61,309.81 and $61,644.82, or a total of $267,092.43. With accrued interest and post-petition advances for property taxes, the total amount due is $300,375 according to Trustee's Motion to Sell.

Mr. VanCura wishes to include the amount due on the Promissory Note in the amounts due on the three real estate contract. This type of debt is not included in a vendor's lien under Iowa law because it does not constitute part of the original purchase price. Mr. VanCura testified that the $130,000 debt was a separate loan several years after the contracts were executed and was made for other purposes than the purchase of the subject property. In addition, the Court notes that the Promissory Note states it is secured by four vehicles and the Proof of Claim includes titles to four vehicles showing liens in favor of Mr. VanCura. The Promissory Note was not recorded as a real estate contract with the county recorder.

Mr. VanCura attempts to categorize the additional $130,000 as an advance under Paragraph 9 of the real estate contracts. That provision includes advancements by the contract seller, who chooses to pay "taxes, special assessments, insurance and make necessary repairs," in the principal amount due under the contract. Based on the evidence provided, the Court concludes that the $130,000 debt does not constitute an advancement under Paragraph 9 of the real estate contracts. Mr. VanCura did not himself advance these types of payment, although he testified that Debtor told him part of the $30,000 initial loan was used to pay property taxes. Except for this testimony, the record contains no evidence that any of the $130,000 loan proceeds were used for the purposes set out in Paragraph 9. The Court concludes the amount of Mr. VanCura's vendor's lien is limited to the remaining principal balances due on the contracts, plus accrued interest and post-petition advances of property taxes.

Pursuant to the foregoing, Trustee is entitled to approval of the Motion to Sell as to Sales #15 and 16 relating to real estate sold to Debtor on contract by Gary VanCura. The total sale price for the properties, $430,000, is greater than the value of Mr. VanCura's lien of approximately $300,375. Trustee may sell the properties free and clear of interests and liens. Mr. VanCura's vendor's lien, as determined by this ruling, will attach to the proceeds of the sales. The amount of Mr. VanCura's lien does not include the $130,000 debt and related accrued interest. The Court further finds that the proposed sale is in good faith and for a fair and reasonable price in the circumstances.

**WHEREFORE**, Trustee's Motion to Sell Real Estate Free and Clear of all Liens and Encumbrances is GRANTED.

**FURTHER**, Gary VanCura's lien interest in the subject property, as determined in this ruling, will attach to the proceeds of the sale of properties listed as Sales #15 and 16 in the Motion to Sell.

DATED AND ENTERED: March 29, 2010

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE