IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| ROBERT K. MIELL, ) | |
| ) | Bankruptcy No. 09-01500 |
| Debtor. ) | |

### ORDER RE: U.S. TRUSTEE'S MOTION TO DISMISS
### DEBTOR'S MOTION TO REMOVE TRUSTEE

This matter came before the undersigned for hearing on January 4, 2011. Attorney John Schmillen appeared for the U.S. Trustee. Attorney Jeffrey Taylor appeared for Chapter 7 Trustee Renee Hanrahan. Debtor Robert Miell did not appear, nor did anyone appear on his behalf. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### STATEMENT OF THE CASE

The U.S. Trustee moves to dismiss Debtor's Motion to Remove Trustee and Request for Stay for lack of prosecution. Debtor's Motion asserts there is cause to remove Renee Hanrahan as Trustee. He argues she is not a disinterested person. Debtor also asserts Trustee has mismanaged the estate and acted without authority.

The U.S. Trustee and the Ch. 7 Trustee filed objections, asserting Debtor cannot meet the burden to show cause to remove Trustee. The following creditors have filed joinders in the objections to the Motion to Remove Trustee: Guaranty Bank & Trust, State Farm Bank, Luana Savings Bank, and University of Iowa Community Credit Union. Trial on Debtor's Motion to Remove Trustee is scheduled for February 1, 2011.

The U.S. Trustee's Motion to Dismiss states Debtor has not conducted any formal discovery or submitted a pretrial statement. The discovery deadline was August 30, 2010. The U.S. Trustee asserts Debtor has the burden to prove cause for removal exists, but has not taken any steps to develop a factual basis for his

motion.  Debtor is not represented by counsel and did not appear at the trial setting conference.  The U.S. Trustee seeks dismissal of Debtor's motion for lack of prosecution.  Trustee Hanrahan joins in the Motion to Dismiss.

Debtor filed an objection with Exhibits A through M.  He objects to the Motion to Dismiss and includes signatures of additional individual objectors.  A supplement to the objection includes Exhibits N and O.  The Exhibits are mostly handwritten, front and back, and include objections to previous Motions, such as Motions to sell free and clear of liens and Applications for fees, and requests for a federal investigation.  Debtor complains Trustee Hanrahan has conflicts of interest and mismanaged property of the estate.  He alleges corruption, obstruction, conspiracies and cover ups in his bankruptcy case and in the U.S. Attorney's office, and perjury and bad faith by creditors, along with myriad other allegations.

At this time, Debtor is incarcerated in the County Jail in Marengo, Iowa, awaiting transfer to a federal facility.  He has been in jail since early in his bankruptcy case.  Debtor, represented by attorneys, filed a Chapter 11 petition on May 28, 2009.  The Court converted the case to Chapter 7 on October 9, 2009.  The attorney who represented Debtor most recently withdrew on September 20, 2010.  Currently, Debtor is proceeding without counsel.

## CONCLUSIONS OF LAW

In contested matters, like adversary proceedings, a party may seek dismissal if the plaintiff fails to prosecute.  Fed. R. Civ. P. 41(b) (applicable through Fed. R. Bankr. P. 7041 and 9014(c)); see, e.g., In re Morrilton Plastics Products, Inc., 177 B.R. 622, 626 (Bankr. E.D. Ark. 1995) (noting that a failure to appear to prosecute a motion to remove trustee could be grounds for dismissal under Rule 41(b)).  The Eighth Circuit Court of Appeals holds that dismissal under Rule 41(b) "is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay."  Arnold v. ADT Sec. Servs., Inc., --- F.3d ---, 2010 WL 5071405, *4 (8th Cir. Dec. 14, 2010).  The court should weigh the need to unburden its docket against the consequence of extinguishing a litigant's claim and consider whether a less severe sanction is available.  Id.  This balancing test focuses foremost on the degree of egregious conduct of the party which prompted the motion to dismiss, and to a lesser extent on

2

the adverse impact on both the moving party and the administration of justice. Smith v. Gold Dust Casino, 526 F.3d 402, 405 (8th Cir. 2008).

In Hernandez v. Whiting, 881 F.2d 768, 770 (9th Cir. 1989), the court reviewed the dismissal of a prisoner's civil action under Rule 41(b) for abuse of discretion. It stated:

> Two general points apply to civil actions maintained by incarcerated prisoners. First, imprisonment suspends the plaintiff's usual right to be personally present at judicial proceedings brought by himself or on his behalf. Second, a civil litigant, including an incarcerated prisoner, is presumed to have no constitutional entitlement to court-ordered counsel unless his case carries the risk of affecting his physical liberty.

Id. at 770-71 (citations omitted). Despite these restrictions, however, a court may not lightly dismiss a prisoner's civil suit for failure to prosecute and must consider less harsh alternatives to dismissal before disposing of the case. Id. at 771. In Reynolds v. Foree, 771 F.2d 1179, 1181 (8th Cir. 1985), the court found an abuse of discretion in dismissing a civil rights complaint where the prisoner/plaintiff failed to appear at a pretrial hearing because of his incarceration in another state. See also Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1987) (finding that dismissal under Rule 41(b) was not appropriate in an inmate's civil rights action).

Courts should consider all possibilities for affording a prisoner a day in court before dismissing a civil action for failure to prosecute. Poole v. Lambert, 819 F.2d 1025, 1029 (11th Cir. 1987). If an in-person trial is not feasible, the court can inform the plaintiff of the manner in which to present evidence and testimony. Id. "While a prisoner has no right to be provided counsel or even to be present at his civil trial, he does have the legitimate expectation that his allegations and evidence will be fully and fairly considered." Id.

## REMOVAL OF TRUSTEE

Pursuant to § 324(a), the bankruptcy court may remove a trustee for cause. 11 U.S.C. § 324(a). "Cause" is not defined in that section, but is

3

determined on a case-by-case, totality-of-the-circumstances basis, subject to the court's broad discretion.  In re Morgan, 375 B.R. 838, 847 (B.A.P. 8th Cir. 2007), aff'd, 573 F.3d 615 (8th Cir. 2009).   The movant bears the burden of establishing cause by setting forth specific facts.  In re Alexander, 289 B.R. 711, 714 (B.A.P. 8th Cir. 2003), aff'd, 80 F. App'x 540 (8th Cir. 2003).

"A conclusory contention unsupported by specific facts does not constitute sufficient grounds for the removal of a trustee."  Id.   Furthermore, removal of a trustee is not appropriate where a movant only alleges "mistakes in judgment where the judgment was discretionary and reasonable under the circumstances."  In re Reagan, 403 B.R. 614, 623 (B.A.P. 8th Cir. 2009), aff'd, 374 F. App'x 683 (8th Cir. 2010).   Some courts have held that actual injury or fraud must be shown.  Morgan, 375 B.R. at 848.    Courts also consider the best interests of the estate when determining whether to remove a trustee.  Id.

## ANALYSIS

Debtor is not represented by an attorney.   He is and has been in jail, and will soon begin a 20-year sentence in federal prison.  Debtor's last attorney withdrew from representing Debtor in September 2010, soon after the discovery deadline of August 30, 2010 passed.  Apparently, at no time since the Motion to Remove Trustee was filed has Debtor or his counsel utilized the discovery process to garner facts to support the Motion.

This failure on Debtor's part, however, is not grounds to dismiss the Motion to Remove Trustee under Rule 41(b) for lack of prosecution.   Debtor has not exhibited a pattern of intentional delay or willful disobedience of court orders.   Trial is scheduled for February 1, 2011.  Because of his incarceration, Debtor will not likely be able to appear for trial and no counsel has appeared on his behalf in the past four months.   He may, however, present whatever admissible material he possesses by mail or any other delivery method.   Witness statements, by sworn affidavit, may be submitted.

In order to reduce any burden on the U.S. Trustee and Chapter 7 Trustee, and other parties joining in their objections, the February 1, 2011 trial will be limited to Debtor's presentation.   The Court will review his offers of

4

evidence for admissibility and determine whether he has met his burden of proof under § 324(a) for removal of the Chapter 7 Trustee. If necessary, the Court will then set a time for the U.S. Trustee and Chapter 7 Trustee to make their presentations.

Based on the totality of the circumstances, the Court finds that the Motion to Dismiss the Motion to Remove Trustee for lack of prosecution should be denied. For the reasons set out herein, the trial is bifurcated and Debtor shall make his presentation of material in support of the Motion on February 1, 2011. This alternative is provided to afford Debtor his day in court and have his allegations and evidence fully and fairly considered.

**WHEREFORE**, U.S. Trustee's Motion to Dismiss Debtor's Motion to Remove Trustee and Request for Stay is DENIED.

**FURTHER**, the trial scheduled for February 1, 2011 shall proceed as scheduled, but is bifurcated so that it is limited to Debtor's presentation, only. After review, the Court will schedule a time for the U.S. Trustee and Chapter 7 Trustee to make their presentations, as necessary.

Dated and Entered: January 11, 2011

_/s/ Paul J. Kilburg_
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

5