IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| ROBERT K. MIELL, ) | |
| ) | Bankruptcy No. 09-01500 |
| Debtor. ) | |

### ORDER RE: DEBTOR'S MOTION TO REMOVE TRUSTEE AND REQUEST FOR STAY

This matter came before the undersigned for trial on February 1, 2011. Trustee Renee Hanrahan appeared with attorney Jeffrey Taylor. Debtor Robert Miell did not appear, nor did anyone appear on his behalf. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### STATEMENT OF THE CASE

Debtor's Motion asserts there is cause to remove Renee Hanrahan as Trustee. Debtor argues Trustee is not a disinterested person. He also asserts Trustee has mismanaged the estate and acted without authority. The U.S. Trustee and the Ch. 7 Trustee filed objections, asserting Debtor cannot meet the burden to show cause to remove Trustee. The following creditors have filed joinders in the objections to the Motion to Remove Trustee: Guaranty Bank & Trust, State Farm Bank, Luana Savings Bank, and University of Iowa Community Credit Union.

On January 11, 2011, this Court denied the U.S. Trustee's Motion to Dismiss Debtor's Motion to Remove Trustee and bifurcated the trial with Debtor's presentation to be made on February 1, 2011. Debtor has not filed or otherwise presented the Court with any additional information since that ruling, and did not appear at the time for trial. At the January 4, 2011 hearing on U.S. Trustee's Motion to Dismiss, however, the Court admitted Exhibits submitted by Debtor. The Exhibits are mostly handwritten, front and back, and include objections to previous Motions, such as Motions to sell free and clear of liens and Applications for fees, and requests for a federal investigation. In these documents, Debtor

complains Trustee Hanrahan has conflicts of interest arising from relationships with creditors, tenants, property management companies, attorneys, the Court and the U.S. Attorney's office. He denies he consented to appointment of a Trustee and argues that Trustee's mismanagement of the bankruptcy estate constitutes bad faith and breach of her fiduciary duties. He alleges corruption, obstruction, conspiracies and cover ups in his bankruptcy case and in the U.S. Attorney's office, and perjury and bad faith by creditors, along with myriad other allegations.

Trustee's objection to the Motion to Remove Trustee includes an Affidavit in Support by Trustee Renee Hanrahan which was also admitted as Trustee's Exhibit 2. This sworn and notarized Affidavit addresses the allegations in Debtor's documents. Ms. Hanrahan states that she had a two-minute phone conversation with Debtor prepetition, in which she declined to meet with him or handle a case for him. She also describes two cases she handled for Debtor's former tenants more than 10 years prepetition, and minimal contacts with one of Debtor's creditors through a former law firm. Trustee's Affidavit further provides details describing her management of property of the bankruptcy estate and dealings with creditors.

As noted in the Court's January 11, 2011 ruling, Debtor remains incarcerated in the County Jail in Marengo, Iowa, awaiting transfer to a federal facility. He has been in jail since early in his bankruptcy case. While represented by attorneys, Debtor filed a Chapter 11 petition on May 28, 2009. The Court converted the case to Chapter 7 on October 9, 2009. The attorney who represented Debtor most recently withdrew on September 20, 2010. Currently, Debtor is proceeding without counsel.

## CONCLUSIONS OF LAW

Pursuant to § 324(a), the bankruptcy court may remove a trustee for cause. 11 U.S.C. § 324(a). "Cause" is not defined in that section, but is determined on a case-by-case, totality-of-the-circumstances basis, subject to the court's broad discretion. In re Morgan, 375 B.R. 838, 847 (B.A.P. 8th Cir. 2007), aff'd, 573 F.3d 615 (8th Cir. 2009). The movant bears the burden of establishing cause by setting forth specific facts. In re Alexander, 289 B.R. 711, 714 (B.A.P. 8th Cir. 2003), aff'd, 80 F. App'x 540 (8th Cir. 2003).

"A conclusory contention unsupported by specific facts does not constitute sufficient grounds for the removal of a trustee." Id. Furthermore, removal of a trustee is not appropriate where a movant only alleges "mistakes in judgment where the judgment was discretionary and reasonable under the circumstances." In re Reagan, 403 B.R. 614, 623 (B.A.P. 8th Cir. 2009), aff'd, 374 F. App'x 683 (8th Cir. 2010). Some courts have held that actual injury or fraud must be shown. Morgan, 375 B.R. at 848. Courts also consider the best interests of the estate when determining whether to remove a trustee. Id.

## ANALYSIS

Debtor offered no admissible evidence to prove cause exists under 11 U.S.C. § 324(a) to remove the Chapter 7 Trustee. The Court has reviewed the stack of documents which make up Debtor's Exhibits regarding the U.S. Trustee's Motion to Dismiss the Motion to Remove Trustee, although these types of documents are generally inadmissible as hearsay under the Rules of Evidence. In addition, the Court has reviewed the entire docket and is well aware of Trustee's actions in this case through multiple hearings.

The Court concludes that Debtor has failed to prove cause exists to remove the Chapter 7 Trustee under § 324(a). Trustee has complied with all the mandates of the Bankruptcy Code and Rules. Considering the totality of the circumstances and Debtor's failure to prove his contentions with admissible evidence of specific facts, the Court in its discretion denies Debtor's Motion to Remove Trustee.

**WHEREFORE**, Debtor's Motion to Remove Trustee and Request for Stay is DENIED.

Dated and Entered: February 7, 2010

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE